**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| EDWARD M. PARTLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-02207-TWP-KMB |
| | ) | |
| DENNIS REAGLE, | ) | |
| CHARLENE BURKETT, | ) | |
| A. BROWN, Sgt., | ) | |
| K. ASH, Ofc., | ) | |
| KEY, Ofc., | ) | |
| SUMMER, Ofc., | ) | |
| A. KOENIG, Ofc., | ) | |
| KONKLE, Sgt., | ) | |
| SURGUY, Sgt., | ) | |
| RUIZ, I.A. Ofc., | ) | |
| MALOTT, I.A. Ofc., | ) | |
| CONYERS, Major, | ) | |
| MCKORKLE, Grievance Specialist, | ) | |
| HAMBLEN, H.S.A, | ) | |
| T. THOMPSON, Aramark Lead, | ) | |
| EARNEST, Capt., | ) | |
| JACKSON, Lt., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

This matter is before the Court for screening of Plaintiff Edward M. Partlow's ("Partlow")

Complaint. Partlow is currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He

filed this civil action alleging various constitutional violations and attached supplemental exhibits

to his Complaint. (Dkts. 1, 11). Because he is a "prisoner," the Court has an obligation to screen

the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. **SCREENING STANDARD**

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Partlow attached 87 pages of exhibits to his Complaint (Dkt. 1-1). While the Court may consider documents attached to a complaint, it is Partlow's burden to plead a short and plain statement of the claim. Federal Rule of Civil Procedure 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). These exhibits appear to be evidence in support of the claims alleged in Complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure and impose an unjustified burden on the Court. The Court will not sift through these voluminous documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

## II.   <u>THE COMPLAINT</u>

The Complaint names seventeen defendants: (1) Dennis Reagle ("Warden Reagle"), (2) Charlene Burkett ("Burkett"), (3) Sergeant A. Brown , (4) Officer K. Ash, (5) Officer Key, (6) Officer Summer, (7) Sergeant Konkle, (8) Sergeant Surguy, (9) Officer A. Koenig, (10) Internal Affairs Officer Ruiz, (11) Internal Affairs Officer Malott, (12) Major Conyers, (13) Grievance Specialist McKorkle, (14) Health Services Administrator Lisa Hamblen ("H.S.A. Hamblen"), (15) Aramark Lead T. Thompson, (16) Captain Earnest, and (17) Lieutenant Jackson. Although Officer Houchkin is not a named defendant in the caption, claims are asserted against him and it appears his name may have been inadvertently omitted.

Partlow alleges that on July 21, 2023, Internal Affairs officers Ruiz and Mallott, and Officer Houchkin, strip searched him twice, and despite not locating contraband or writing a conduct report, placed him in segregation, where he still remains.  (Dkt. 1 at 6.)  This separated him from his legal materials and resulted in him missing court deadlines.  *Id.*  Further, while in segregation, Partlow was forced to drink contaminated water and suffer in hot temperatures, and was deprived of hygiene products and eating utensils for two months.  *Id.* at 6-7.  Defendants spread rumors about Partlow to damage his reputation and place him in dangerous situations, including Officer Koenig having another inmate attack him.  *Id.* at 7.

Partlow has degenerative knees and received surgery on his dominant hand. However, he was deprived of physical therapy, a walking stick, a medical brace, knee sleeves, and recreation and exercise opportunities.  *Id.* at 12.  He was "taken off his mental health medication" despite suffering from Post-Traumatic Stress Disorder ("PTSD") and night terrors.  *Id.* at 7, 12. Officers Key, Ash, Brown, Koenig, Summer, Surguy, Ernest, and Jackson deprived him of handicap accessible showers.  *Id.* at 7.

3

Officers Ash, Brown, Key, Summer, Konkle, Surguy, Koenig, Ernest, Aramark Lead Thompson, Lt. Jackson, and H.S.A. Hamblen all deprived Partlow of his medically prescribed high protein meals. *Id*. at 8. Officers Surguy, Koenig, Ash, Key, and Brown retaliated against Partlow. Finally, Warden Reagle and Burkett failed to protect Partlow from these violations. *Id*.

Partlow seeks compensatory and punitive damages, plus injunctions to provide proper healthcare in the future, including the repair of tendons damaged in his right hand.

## III.   DISMISSAL OF INSUFFICIENT CLAIMS

Applying the screening standard to the factual allegations in the complaint, certain claims must be dismissed.

### A.   Access to Court Claims

Partlow's access to courts claims against internal affairs Officers Ruiz and Malott, and Officer Houchkin must be **dismissed**. "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). To prevail on an access to courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). In other words,

> the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Partlow alleges that, due to being placed in segregation, he was separated from "key affidavits and evidence" and missed deadlines. (Dkt.

1 at 6.)  However, he does not allege any harm resulting from any missed deadlines.  Accordingly, he has failed to state a claim upon which relief can be granted.

## B.   Denial of Property Claims

All Fourteenth Amendment claims for denial of property are also **dismissed** for failure to state a claim upon which relief may be granted.  The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.  However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").  Indiana's Tort Claims Act, Ind. Code § 34-13-3-1 *et seq.*, provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property.  *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). However, although Partlow does not state a claim under the Fourteenth Amendment for his missing property, allegations related to the deprivation of a walking stick, a medical brace, knee sleeves, and any other medical equipment are relevant to Partlow's Eighth Amendment claims.

## C.   Retaliation Claims

To state a First Amendment retaliation claim, Partlow must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating

factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Partlow claims that Officers Surguy, Koenig, Ash, Key, and Brown retaliated against him; however, he provides no information to support his claims. As he has failed to allege any of the required elements, these claims are **dismissed**.

### D.    Claims Without Personal Involvement

Partlow alleges that he "continuously warned Defendants Burkett and Reagle that he was in danger of retaliation" and neither Defendant took any action. (Dkt. 1 at 4, 6.) He "requested an emergency transfer, protection and restraint" and "had grievances put in Defendant Reagle's box and mailed evidence to Burkett which she claims was not received." *Id.* at 6. Partlow does not allege that the retaliation actually occurred, as opposed to simply feeling he was "in danger of retaliation," and he does not state who retaliated against him, or in what form.

"[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Further, for a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Mere "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

Partlow does not allege sufficient personal involvement by Warden Reagle or Burkett to state a claim upon which relief can be granted. He also names Defendants Conyers and McKorkle

in the Complaint but does not allege any facts related to them at all.  Thus, all claims against

Warden Reagle, Burkett, Major Conyers, and grievance specialist McKorkle are **dismissed**.

## E.     Claims with No Named Defendants

All deliberate indifference claims related to Partlow being taken off mental health

medication despite continued PTSD and night terrors are **dismissed** because Partlow does not

allege that any individual was personally involved in ending his prescriptions.

## F.     Vague Claims

The Court also notes that the Complaint includes conclusory statements directed to all

defendants.  *E.g.* Dkt. 1 at 7 ("Defendants would go on to spread rumors about the plaintiff,

damage his standing within his community and place him in dangerous situations.").  These vague

allegations are insufficient to state a legal claim.  *Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court

must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of

action's elements, supported by mere conclusory statements.").  Accordingly, any claims arising

solely from these conclusory statements are **dismissed**.

## G.     Strip Search Claims

The Eighth Amendment protects prisoners from the imposition of cruel and unusual

punishments.  *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the

treatment a prisoner receives in prison and the conditions under which he is confined are subject

to scrutiny under the Eighth Amendment.").  This can include strip searches in jail or prison.  *King*

*v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015); *see also Mays v. Springborn,* 575 F.3d 643, 649

(7th Cir. 2009); *Peckham v. Wisconsin Dep't of Corrections*, 141 F.3d 694, 697 (7th Cir. 1998).

> A prisoner states a claim under the Eighth Amendment when he plausibly alleges
> that the strip-search in question was motivated by a desire to harass or humiliate
> rather than by a legitimate justification, such as the need for order and security in
> prisons. . . .  Even where prison authorities are able to identify a valid correctional

justification for the search, it may still violate the Eighth Amendment if 'conducted in a harassing manner intended to humiliate and cause psychological pain.'

*Id.* (quoting *Mays*, 575 F.3d at 649 (internal citations omitted)).

Further, "the Fourth Amendment protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable intrusions that the realities of incarceration often demand." *Henry v. Hulett,* 969 F.3d 769, 779 (7th Cir. 2020) (citations omitted). When evaluating a claim regarding strip or body cavity searches, "courts must assess that search for its reasonableness, considering 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Id.* (citing *Bell v. Wolfish,* 441 U.S. 520, 559 (1979)).

While "[t]here is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners,[] not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003). Such is the case here. Partlow alleges only that "following an incident in the gym, Defendant[s] Ruiz, Houchkin, [and] Malott had [Partlow] stripped naked two times on July 21, 2023, had Plaintiff cavity searched and although no contraband was found, Defendants placed the Plaintiff in segregation". (Dkt. 1 at 6.) The nature of the incident in the gym is unclear, but Partlow does not allege that the strip searches following it were undertaken maliciously. He only states that no contraband was found. Further, while he was ordered to strip twice, it is not clear if he was subjected to a more invasive body cavity search both times. Without more, Partlow does not allege that no penological justification existed or that the search was unreasonable. *See Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *Bell,* 441 U.S. at 559. Accordingly, any claims related to Partlow being strip searched on July 21, 2023, are **dismissed**.

**H.**   <u>**Individual Capacity ADA and Rehabilitation Act Claims**</u>

Finally, Partlow alleges that Officers Key, Ash, Brown, Koenig, Summer, Sgt. Surguy, Captain Ernest, and Lt. Jackson deprived him of handicap accessible showers.   However, employees of the Indiana Department of Corrections ("IDOC") are not amenable to suit under the Rehabilitation Act or the Americans with Disabilities Act ("ADA").   *See Jaros v. Illinois Dept. of Corrections,* 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette,* 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)).   Accordingly, the ADA and Rehabilitation Act claims against the individual defendants **in their individual capacities must be dismissed**.

**IV.   <u>CLAIMS THAT SHALL PROCEED IN THIS ACTION</u>**

Construing the pro se filed Complaint liberally, the following claims **shall proceed**.

**A.**   <u>**Fourteenth Amendment Due Process Claims**</u>

Partlow has stated claims that Internal Affairs Officers Ruiz, and Malott and Officer Houchkin violated his due process rights by placing him in segregation without cause. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995) (due process is invoked when placement in segregation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Lisle v. Welborn,* 933 F.3d 705, 721 (7th Cir. 2019) (citing *Kervin v. Barnes,* 787 F.3d 833, 836 (7th Cir. 2015) ("depending on the conditions of confinement and whether there were any additional punishments, a period of segregation… shorter than four months may" constitute an atypical and significant hardship").   These claims **shall proceed**.

**B.**   **Eighth Amendment Deliberate Indifference Claims**

First, the Eighth Amendment claim against Officer Koenig related to him directing another inmate to attack Partlow **shall proceed**.  *See Case v. Ahitow,* 301 F.3d 605, 607 (7th Cir. 2002) (even if plaintiff cannot show guards used another inmate "as their instrument to assault him," he can establish deliberate indifference claim by showing that guards knew there was a risk of danger to his safety).

Second, Partlow's Eighth Amendment deliberate indifference claims against Officers Ash, Brown, Key, Summer, Sgt. Konkle, Sgt. Surguy, Officer Koenig, Earnest, Aramark Lead Thompson, Lt. Jackson, and H.S.A. Hamblen with respect to denying Partlow access to a medically prescribed diet **shall proceed**.  *See Berry v. Aramark Correctional Services, LLC,* No. 1:18-cv-03651-JRS-MPB, 2020 WL 374436 *2 (S.D. Ind. Jan. 23, 2020) (granting summary judgment in favor of plaintiff on Eighth Amendment claim where prison food services company allegedly denied him a medically prescribed diet).

**C.**   **Eighth Amendment Conditions Claims**

Eighth Amendment claims against Officers Ash, Key, Brown, Koenig, Summer, Sgt. Surguy, Captain Earnest, and Lt. Jackson related to the inhumane conditions Partlow was subjected to in segregation, such as being forced to drink contaminated water and deprived of showers and other hygiene products, **shall proceed**.  *See Sanders v. Sheahan,* 198 F.2d 626, 629 (7th Cir. 1999) (allegations regarding inadequate food, hygiene, heat, ventilation, psychological treatment, and excessive noise are serious enough to meet the objective standard of a conditions claim).

### D.   <u>Rehabilitation Act Claims</u>

Partlow has also stated ADA or Rehabilitation Act claims against the IDOC because claims against individual IDOC employees in their official capacities is really a claim against their employer.  *See Jaros,* 684 F.3d at 670, fn.2.  However, the relief provided by the ADA and Rehabilitation Act are co-extensive and a plaintiff suing under both statutes may have only one recovery.  *Id.* at 671 (citing *Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011)). "The analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons."  *Id.* Therefore, the ADA claims (and their associated question of sovereign immunity) are **dismissed**, while the Rehabilitation Act claims against the IDOC **shall proceed**.

## V.   <u>OPPORTUNITY TO FILE AMENDED COMPLAINT</u>

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."  *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).  Partlow alleged several serious deprivations in his Complaint where he nonetheless failed to state a claim.  In the interest of justice, the Court will allow Partlow to amend his Complaint if, after reviewing this Court's Order, he believes that he can state additional viable claims for relief, consistent with the allegations he has already made.  *See Sanders v. Sheahan,* 198 F.2d 626, 629 (7th Cir. 1999) ("To the extent that [Partlow] has alleged deprivations that are objectively serious, however, he should be allowed a reasonable opportunity to identify unnamed defendants and amend his complaint.") (citations omitted).

Accordingly, Partlow shall have **through Wednesday, May 29, 2024 to file an amended complaint**.  **The Clerk is directed** to include a copy of the prisoner civil rights complaint form along with Partlow's copy of this Order.  Any amended complaint should have the proper Case

Number, 1:23-cv-02207-TWP-KMB, and the words "Amended Complaint" on the first page.  The amended complaint will completely replace the original.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  Therefore, it must set out every defendant, claim, and factual allegation Partlow wishes to pursue in this action.

If Partlow files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).  If he does not file an amended complaint, this matter will continue forward only with regard to the claims identified in Part IV of this Order.

The summary of claims in Part IV above includes all the viable claims identified by the Court.  All other claims have been dismissed.  If Partlow believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through Wednesday, May 29, 2024,** in which to identify those claims.

**The Clerk is directed** to terminate Warden Reagle, Burkett, Conyers, and McKorkle as defendants on the docket.

**The Clerk is also directed** to add the Indiana Department of Correction and Officer Houchkin as defendants on the docket.

## VI.   CONCLUSION AND SERVICE OF PROCESS

For the reasons set forth above, the **following five claims shall proceed** in this action:

- Fourteenth Amendment due process claims against Defendants Ruiz, Houchkin, and Malott for placing Partlow in segregation without cause;

- Eighth Amendment deliberate indifference claims against Defendant Koenig for having another inmate attack Partlow;

- Eighth Amendment deliberate indifference claims against Defendants Ash, Brown, Key, Summer, Konkle, Surguy, Koenig, Ernest, Thompson, Jackson, and Hamblen for denying Partlow medically prescribed meals;

- Eighth Amendment conditions of confinement claims against Defendants Ash, Key, Brown, Koenig, Summer, Surguy, Ernest, and Jackson for subjecting Partlow to the inhumane conditions in segregation, such as being forced to drink contaminated water and deprived of showers and other hygiene products; and

- Rehabilitation Act claims against the Indiana Department of Correction for denying Partlow access to handicap accessible showers.

All other claims are **DISMISSED.**

Partlow shall have **through Wednesday, May 29, 2024,** to identify any additional claims he believes were alleged in the Complaint but not identified by the Court and to file an amended complaint.

The **Clerk is directed** to

- include a copy of the prisoner civil rights complaint form along with Plaintiff's copy of this Order;

- terminate Warden Reagle, Burkett, Conyers, and McKorkle as defendants on the docket;

- add the Indiana Department of Correction as a defendant on the docket;

- issue process pursuant to Fed. R. Civ. P. 4(c)(3) to Defendants Ash, Brown, Key, Summer, Konkle, Surguy, Koenig, Ernest, Thompson, Jackson, Hamblen, Ruiz, Malott, Houchkin and IDOC in the manner specified by Rule 4(d). Process shall consist of the Complaint (Dkt 1), applicable forms (Notice of Lawsuit and Request

for Waiver of Service of Summons and Waiver of Service of Summons), and this
Order; and

- serve the Indiana Department of Correction and Centurion employees
  electronically.

Defendant H.S.A. Hamblen is identified as an employee of Centurion. A copy of this Order
and the process documents shall also be served on Centurion electronically. Centurion is
**ORDERED** to provide the full name and last known home address of Defendant Hamblen if they
do not waive service, if they have such information. This information may be provided to the
Court informally or may be filed *ex parte*.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the
Federal Rules of Civil Procedure.

**SO ORDERED.**

Date:  5/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana


DISTRIBUTION:

Edward M. Partlow, #110641
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Electronic service to Indiana Department of Correction:
    Sergeant A. Brown
    Officer K. Ash
    Officer Key
    Officer Summer
    Sergeant Konkle
    Sergeant Surguy
    Officer A. Koenig
    Captain Ernest

14

Lieutenant Jackson
I.A. Officer Ruiz
I.A. Officer Malott
Officer Houchkin
(At Pendleton Correctional Facility)

Electronic service to Centurion:
Health Services Administrator Hamblen

Aramark Lead T. Thompson
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana  46064

Courtesy copy to:

Christopher Cody
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, Suite 400
Indianapolis, Indiana  46204